The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. The Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act at all relevant times.
2. Defendant was a duly qualified self-insured, with Key Risk Management Services as the servicing agent.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff sustained an admittedly compensable back injury on November 2, 1991, as a result of which the parties entered into a Form 21 Agreement. Plaintiff has received benefits pursuant to the Form 21 from the date of the injury until she returned to work on July 19, 1993. Plaintiff last worked on August 27, 1993, after which she received additional temporary total disability compensation under a Form 26 Supplemental Agreement.
5. Plaintiffs average weekly wage was $206.25, which yields a compensation rate of $137.50 per week.
6. The issues for determination are:
a. Whether plaintiffs compensation should be terminated for failure to comply with the independent medical evaluation as ordered by the Commission on May 27, 1998, and
b. Whether plaintiff is authorized to change her treating physician to Dr. David Mackel?
7. Judicial Notice is taken of the Opinion and Award of Deputy Commissioner Bost, which was filed on April 10, 1997, the Opinion and Award of the Full Commission filed on January 21, 1998, and the Orders which are contained in the Commission file.
 ***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Since June 17, 1992, plaintiffs authorized treating physician was Dr. Todd Chapman of Miller Orthopedic Clinic in Charlotte, North Carolina. Dr. Chapman performed a spinal fusion on October 29, 1992, with a second procedure to remove the instrumentation on the following day. As of August 27, 1993, Dr. Chapman found plaintiff capable of driving an automobile.
2. After receiving the Full Commission Opinion and Award, adjuster Lynn Key assigned the claim to a vocational specialist to assist with returning plaintiff to work suitable to her capacity.
3. Jane Veal, a vocational specialist with Concentra Managed Care, recommended that plaintiffs current medical restrictions be obtained.
4. Ms. Key contacted Joanne Johnson, medical case manager for plaintiffs claim, to schedule an appointment with Dr. Chapman. However, as Dr. Chapman was on medical leave, he was not available to see plaintiff. Ms. Key then authorized plaintiff to see Dr. Mark Hartman, who was in practice with Dr. Chapman at Miller Clinic.
5. Ms. Johnson scheduled plaintiff to be evaluated by Dr. Hartman on March 23, 1998 at Miller Clinic in Charlotte. Plaintiff failed to attend this appointment, telling Ms. Johnson that she was unable to attend the appointment due to transportation problems.
6. Plaintiff sought unauthorized medical treatment from her family doctor, Dr. Steven Crane. As early as November 2, 1993, plaintiff and her attorney had been advised by defendant that care by Dr. Crane was unauthorized. Nevertheless, plaintiff continued to treat with Dr. Crane who eventually referred her to Dr. David Mackel, an orthopedist in Hendersonville. Plaintiffs counsel contacted Ms. Key in early 1998 to request that defendant authorize Dr. Mackel as the treating physician. Ms. Key advised plaintiffs counsel that this would not be authorized.
7. Defendant filed a motion with the Commission seeking an order to compel plaintiffs attendance at an evaluation by Dr. Hartman. On May 25, 1998, plaintiffs counsel filed a motion with the Commission seeking to change plaintiffs treating physician to Dr. David Mackel. The Executive Secretary did not rule on this motion separately. By Order filed May 27, 1998, the Commission directed the plaintiff to attend a subsequent examination by Dr. Hartman and directed the plaintiff to submit information to the Commission regarding any transportation difficulties. The request for a change of physician to Dr. Mackel was not granted.
8. Plaintiff did not file any information with the Commission pursuant to the May 27, 1998 Order to indicate or explain any transportation difficulties.
9. Ms. Johnson rescheduled plaintiff to see Dr. Hartman on June 22, 1998. Nevertheless, plaintiff again failed to attend this appointment.
10. Plaintiffs refusal to attend the medical examination on June 22, 1998, as Ordered by the Commission was unjustified.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Defendant is entitled to suspend payment of temporary disability benefits from June 22, 1998 until plaintiff complies with the Commissions Order to attend an examination by Dr. Hartman. If the employee refuses to submit herself to or in any way obstructs an examination requested by and provided by the employer, her right to compensation and her right to take or prosecute any proceeding under this article shall be suspended until such refusal or objection ceases, and no compensation shall at any time be payable for the period of obstruction, unless in the opinion of the Industrial Commission, the circumstances justify the refusal or obstruction. In plaintiffs case, the circumstances do not justify her obstruction of defendants efforts to obtain current medical information. Therefore, her benefits are suspended until such time as she complies with the outstanding Order of May 27, 1998. N.C. Gen. Stat. 97-27(a).
2. Plaintiff is entitled to have defendant pay for all reasonably necessary medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability. However, plaintiff is not entitled to have the defendant pay for unauthorized medical treatment. N.C. Gen. Stat. 97-2(19) 97-25.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiffs motion to change her treating physician to Dr. David Mackel is hereby DENIED.
2. Plaintiffs right to temporary total disability compensation is hereby SUSPENDED from June 22, 1998 and continuing until she ceases her refusal and complies with the Commission Order of May 27, 1998 to submit to an examination at the Miller Orthopedic Clinic.
3. Plaintiff shall fully cooperate with medical and vocational treatment.
4. Defendant shall pay all authorized medical expenses reasonably necessary and incurred or to be incurred which tend to effect a cure, provide relief or lessen the period of disability when bills for the same have been approved in accordance with Commission procedure.
5. Defendant shall pay the costs.
This the ___ day of October 2000.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
DCS/bjp